## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SHANE FLETCHER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-00347-KD-N |
| | ) | |
| WARDEN NOAH PRICE OLIVER, | ) | |
| *Mobile County Metro Jail*, | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner Michael Shane Fletcher, an Alabama pretrial detainee proceeding without counsel (*pro se*), has filed, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 dated June 24, 2020 (Doc. 1), challenging his pretrial detention ordered by the Circuit Court of Mobile County, Alabama, in relation to criminal felony charges pending there, and has paid the filing fee for said petition (*see* Doc. 3).[1] The assigned District Judge has referred the petition to the undersigned

---

[1] Fletcher's habeas challenge to his pretrial detention is properly brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("Section 2254 is limited to state prisoners 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a). State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (citing *Medberry*, 351 F.3d at 1060)); *Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (per curiam) (unpublished) ("Section 2254 habeas corpus relief challenges the fact or duration of a state criminal conviction: it is a postconviction remedy. *See* 28 U.S.C. § 2254(a) ('[A] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ....') (emphasis added). Here, Hudson is challenging a pendant state criminal proceeding; so, his petition is governed by § 2241. *See Medberry v. Crosby*,

Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (7/6/2020 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

After preliminary review of the habeas petition and attached exhibit under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that it plainly appears that Fletcher is not entitled to relief for the reasons explained herein. Accordingly, his § 2241 petition is due to be **DISMISSED**.

---

351 F.3d 1049, 1062 (11th Cir. 2003) (noting that all habeas petitions are governed by § 2241, and that § 2254's provisions do not apply to pretrial detention)."); *Tooten v. Shevin*, 493 F.2d 173, 175 n.1 (5th Cir. 1974) ("A prejudgment petition for a writ of habeas corpus is filed pursuant to 28 U.S.C. § 2241. Prisoners in custody pursuant to the judgment of a state court file habeas corpus petitions pursuant to 28 U.S.C. § 2254.").

[2] The district court may apply "any or all of" the federal procedure rules habeas petitions filed under 28 U.S.C. § 2254 to other habeas corpus petitions. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also* S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

## I.    *Analysis*

## A.    **The Petition**

Fletcher asserts that he is due federal habeas relief under § 2241 because he has been "held since Feb 22, 2019 without bond on a non-capital offense." (Doc. 1, PageID.2). Fletcher argues that he is entitled to bond under the Eighth Amendment to the United States Constitution, the Constitution of the State of Alabama, and the Alabama Rules of Criminal Procedure. The undersigned disagrees.

First, Fletcher's petition is due to be dismissed for failure to exhaust his state remedies on his claims. "The exhaustion of state remedies requirement … applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973).[3] In Alabama state courts, a petition for a writ of habeas corpus is the proper vehicle to challenge the denial of pretrial bail. *See Ex parte Christopher Colbert*, 805 So. 2d 687, 688 (Ala. 2001) (holding that a "petition for habeas corpus is the proper remedy in a case" challenging the circuit court's denial pretrial bail); *Ex parte Frost*, 848 So. 2d 1021, 1022 (Ala. Crim. App. 2002) ("Frost seeks a reasonable bail; therefore, Frost's remedy is a writ of habeas corpus." (citing *see Ex parte Cordell Colbert*, 717 So. 2d 868, 870 (Ala. Crim. App. 1998))). Fletcher's present petition appears to assert that the state circuit court denied a request for pretrial bail on February 20,

---

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

2020. (*See* Doc 1, PageID.2). Assuming that this request was in substance a petition for a writ of habeas corpus, Fletcher could have then appealed that denial. *See* Ala. Code § 12-22-90(a) ("Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the appropriate appellate court."). Alternatively, Fletcher could have challenged his pretrial detention by filing a petition for a writ of habeas corpus directly with the Court of Criminal Appeals, *see Ex parte Cordell Colbert*, 717 So. 2d at 870 ("[T]h[e] Court [of Criminal Appeals] will entertain original petitions for a writ of habeas corpus arising out of a circuit court's denial of, or the setting of excessive, pretrial bail."), or the Alabama Supreme Court, *see Ex parte Christopher Colbert*, 805 So. 2d at 688 (holding that a habeas petition challenging circuit court's denial of pretrial bail was "properly before this Court" (citing *Ex parte Cordell Colbert*, 717 So. 2d 868)); *Ex parte Barnes*, -- So. 3d --, No. 1180802, 2020 WL 3023108, at *4-6 (Ala. June 5, 2020) (holding that the Alabama Supreme Court had authority to issue writ of habeas corpus on issue of pretrial release). Because Fletcher admits that he has not pursued any of these additional avenues for relief in Alabama's appellate courts (*see* Doc 1, PageID.2), his present § 2241 petition is due to be **DISMISSED without prejudice** as unexhausted.[4]

---

[4]    The law of this circuit once held that the judicially-imposed exhaustion requirement for § 2241 petitioners was a jurisdictional requisite. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004). However, the Eleventh Circuit has since held that more recent U.S. Supreme Court decisions have undermined those prior holdings to the point of abrogation, and that "[i]t is no longer the law of this circuit that exhaustion … is a jurisdictional requirement in a § 2241 proceeding." *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).

Alternatively, Fletcher's petition is due to be **DISMISSED with prejudice** as without merit. A state detainee such as Fletcher is only entitled to habeas relief under § 2241 if he can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States…" 28 U.S.C. § 2241(c)(3). Thus, the United States Supreme Court has "repeatedly held that ' "federal habeas corpus relief does not lie for errors of state law." ' " *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (per curiam) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990))). " '[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.' " *Id.* (quoting *Estelle*, 502 U.S. at 67–68). Thus, Fletcher is due no federal habeas relief to the extent he claims his pretrial detention violates Alabama's state constitution or rules of criminal procedure.

Fletcher's claim that he is entitled to a bond for pretrial release under the Eighth Amendment is meritless. " 'The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth

---

However, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one. What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own." *Id.* at 475. The Eleventh Circuit has recently held that, under Rule 4 of the Rules Governing Section 2254 Cases, a court can *sua sponte* dismiss a 28 U.S.C. § 2254 habeas petition as having been filed outside the requisite statute of limitations, another non-jurisdictional basis for dismissal, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam). The undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted.

Amendment, ... provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." ' " *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (per curiam) (quoting *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 1529, 170 L. Ed. 2d 420 (2008)). By its terms, then, "the Excessive Bail Clause does not guarantee a right to bail, [only] that any bail imposed not be 'excessive' in light of the perceived evil." *Id.* (quotation omitted). *Accord Taylor v. Pekerol*, 760 F. App'x 647, 654 (11th Cir. 2019) (per curiam) (unpublished) ("The Eighth Amendment … does not guarantee a right to bail, only that whatever bail imposed not be excessive." (citing *Campbell*, 586 F.3d at 842)); *McInturff v. St. Clair Cty. Sheriff Dep't*, No. 4:18-CV-00730-ACA, 2018 WL 5024087, at *3 (N.D. Ala. Oct. 17, 2018) ("[T]he Eighth Amendment does not require a court or law enforcement to release a pre-trial detainee on bail." (citing *Campbell*)), *appeal dismissed for want of prosecution*, No. 18-14800-CC, 2019 WL 948361 (11th Cir. Jan. 16, 2019).[5]

---

[5] Fletcher has attached to his petition an unsigned, handwritten "Motion to Admit Bond" addressed to the state circuit court. (Doc. 1-1). In that document, Fletcher largely argues that he should be granted bond due to concerns over the ongoing COVID-19 pandemic and its effects on jail and prison populations. While the U.S. Supreme Court has "left open the question whether [prisoners] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus[,]" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862–63, 198 L. Ed. 2d 290 (2017), in an unpublished decision, the Eleventh Circuit held that a § 2241 petition was "not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement[,]" *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) (unpublished), and because "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Id.* (citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990)). At least one federal district court in Alabama has relied on the reasoning in *Vaz*, among other authority, to deny relief under § 2241

### B.    Certificate of Appealability

For habeas petitions brought by state prisoners, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).[6]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists

---

based on concerns about COVID-19. *See Archilla v. Witte*, No. 420CV00596RDPJHE, 2020 WL 2513648, at \*12-16 (N.D. Ala. May 15, 2020).

[6] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon due consideration, the undersigned finds that Fletcher should be **DENIED** a certificate of appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find it debatable that he has failed to exhaust his state court remedies.[7]

---

[7]    Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

### C.  Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Fletcher of the judgment in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[8]

## II.    *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Fletcher's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 dated June 24, 2020 (Doc. 1) be **DISMISSED without prejudice** as unexhausted, and alternatively, **DISMISSED with prejudice** as meritless; that the Court find Fletcher not entitled to either a certificate of appealability or to appeal *in forma pauperis*; and that final judgment be entered accordingly in favor of the Respondent under Federal Rule of Civil Procedure 58.

The Clerk of Court is **DIRECTED** to serve the Respondent and the Attorney General of Alabama with a copy each of the petition (Doc. 1) and this Report and Recommendation.[9]

**DONE** this the 21st day of July 2020.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Should this Court deny leave to appeal *in forma pauperis*, the petitioner may seek such leave by filing a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

[9] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.